## In Re Anonymous No. 1 D.B. 85

Disciplinary Board Docket No. 1 D.B. 85.

ROSE, *Chairman,* December 9, 1985—This memorandum is submitted pursuant to Disciplinary Rule 89.181(7) as a brief summary of the above referenced disciplinary proceeding.

The complaint filed in these proceedings contained three charges. In charge I, respondent was alleged to have failed to properly represent clients whose son had been injured in a motor vehicle accident. Based on the stipulation of the parties and the testimony of the witnesses, including candid admissions of respondent, the committee concluded that respondent had neglected the legal matter entrusted to him. Thus the committee found that respondent had violated D.R. 6-101(A)(3). While it was alleged that respondent's conduct also violated D.R. 1-101(A)(4) and D.R. 1-102(A)(6) in his dealings with the clients involved in charge I, the committee concluded that the evidence did not establish such a violation. The committee also noted that the clients had authorized respondent and another attorney associated with respondent to settle the claim on behalf of their son against defendant for the sum of $3,500. When that settlement was not achieved with defendant, respondent paid the clients the sum of $5,200 in full settlement of their claim against him for his failure to prosecute the case properly. Accordingly, the complainants received in final settlement of the claim $1,700 more

than they had authorized respondent to accept in full settlement of the claim on behalf of their minor son.

Charge II and charge III are related in that they involve allegations that respondent did not properly handle cases for two different clients of his office. In both matters, respondent had relied upon an associate in his office to assume major responsibility for both cases. It was apparent to the committee that misunderstandings had arisen between respondent and the associate in his office as to the ultimate responsibility for handling the cases. In the case involved in charge II, while a judgment of non-pros had originally been entered against respondent's client, respondent was able to successfully pursue a claim on behalf of his client and to recover the full amount due to the client. Accordingly, the client suffered no harm and respondent pursued an appropriate legal strategy to recover on behalf of his client.

Charge III involved the representation of respondent's client in a paternity and nonsupport action. Respondent's associates assumed major responsibility for the case and the client testified that he understood at all times that respondent's associate would assume major responsibility for the case and respondent did not have time to handle the proceedings. This arrangement was satisfactory to the client, who testified that he had been appropriately and satisfactorily represented by respondent.

Based on all of the testimony, the committee concluded that no violations had been shown under either charges II and III.

The evidence presented during the dispositional phase of the hearing established that respondent had suffered from serious psychiatric problems dur-

ing the period of time involved in the neglect of the case in charge I. The evidence presented by counsel for the board and the testimony of respondent indicated that respondent had sought treatment for his psychiatric problems and has been practicing law in an appropriate manner. No new complaints have been made concerning respondent's practice, and the clients, whose matter had been originally neglected giving rise to charge I, were fully and completely compensated by respondent.

Under all of the circumstances, the committee was satisfied that a private reprimand for the violation found under charge I was the appropriate discipline.

## ORDER

SCHWARTZMAN, *Vice Chairman,* And now, this January 23, 1986, the report and recommendation of hearing committee [   ], dated December 10, 1985, pursuant to §89.181 of the Disciplinary Board Rules is accepted, and there being no exceptions filed, it is ordered and decreed, that said [respondent] of [   ] County, be subjected to private reprimand by the Disciplinary Board of the Supreme Court of Pennsylvania as provided in Rule 204(5) of the Pennsylvania Rules of Disciplinary Enforcement at the next session of this board. Costs are to be paid by respondent.